**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**CHARLES MITCHAEL, et al.**                                                      **PLAINTIFFS**

**v.**                              **Case No. 4:13-cv-00305 KGB**

**SOCIAL SECURITY ADMINISTRATION, et al.**                        **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is defendants' motion to dismiss plaintiffs' amended consolidated complaint (Dkt. No. 23). Plaintiffs have responded in opposition (Dkt. No. 25), and defendants have replied (Dkt. No. 26). Defendants move to dismiss plaintiffs' amended consolidated complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court held a hearing on the pending motion, and defendants filed a notice of supplemental authority after that hearing (Dkt. No. 31).

Plaintiffs are retired members of the Air National Guard who were also employed as civilian military technicians for 20 years or more and who became entitled to receive Social Security retirement or disability benefits after 1985 and before February 3, 2011. Plaintiffs are all permanent residents within the jurisdiction of the Eighth Circuit Court of Appeals. Plaintiffs bring this suit against the Social Security Administration ("SSA") and Carolyn W. Colvin, Acting Commissioner of the SSA, claiming they are entitled to a pension accrued for their service as technicians of the Air National Guard without the Windfall Elimination Provisions ("WEP") of 42 U.S.C. § 415 applied.

Plaintiffs rely on *Petersen v. Astrue*, 633 F.3d 633 (8th Cir. 2011), to claim that the WEP does not apply to the class of dual-status Air National Guard technicians before the Court

because of the plain language of an exception stated in 42 U.S.C. § 410(m) and § 415(a)(7)(A). Plaintiffs have all had the WEP applied to their benefits. Plaintiffs claim that, under *Petersen*, they are entitled to benefits, past and future, that they would have received if the WEP had not been applied to their benefits. Plaintiffs further claim that defendants' refusal to pay these benefits to plaintiffs and the class of similarly situated persons constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Due Process Clause of the Fifth Amendment to the United States Constitution.

Having considered the parties' filings, the authorities cited, and the arguments made at the hearing, the Court now grants the defendants' motion to dismiss.

**I.     Factual Background**

Accepting the allegations in the amended consolidated complaint as true for the purposes of this Order, the pertinent facts are these. As stated above, plaintiffs are retired members of the Air National Guard who were also employed as civilian military technicians for 20 years or more and who became entitled to receive Social Security retirement or disability benefits after 1985 and before February 3, 2011, when *Petersen* was decided. Plaintiffs are all permanent residents within the jurisdiction of the Eighth Circuit Court of Appeals. Plaintiffs request that this Court certify a class based on these criteria, but exclude from that class the defendants and their officers, directors, affiliates, employees, legal representatives, heirs, successors, assigns, assignees, and any entity with a controlling interest in a defendant.

As a condition of employment as civil service employees, pursuant to the National Guard Technicians Act of 1968, 32 U.S.C. § 709, an individual cannot hold employment as a National Guard civilian technician unless that individual is an active member of the National Guard for which he or she works and holds the military grade that the Secretary of the Army or the

Secretary of the Air Force has specified for the position. Plaintiffs were members of their respective Air National Guard, were required to participate in weekend and summer military training and drills, were required to wear military uniforms on the job, and were required to maintain military physical standards.

Due to the dual-status nature of the plaintiffs' employment, the Commissioner of the SSA applied the WEP to plaintiffs' retirement benefits for the civil service pension and reduced plaintiffs' entitlement to benefits under the Social Security Act. Plaintiffs claim that this application was wrongful and in error.

Section 215(a)(7)(A) of the Social Security Act, 42 U.S.C. § 415(a)(7)(A), provides that the WEP does not apply to individuals who receive periodic payments "wholly for service as a member of a uniformed service." Plaintiffs claim they, as dual-status technicians, receive a civil service pension based wholly on service as dual-status National Guard technicians and that they therefore fall within the category of workers excluded from the application of the WEP.

On February 2, 2011, the Eighth Circuit Court of Appeals in *Petersen* found that, under the plain language of 42 U.S.C. § 410(m) and § 415(a)(7)(A), the WEP does not apply to dual-status National Guard technicians. *Petersen*, 633 F.3d at 637. This decision is contrary to the interpretation of the SSA, which continues to apply the WEP to dual-status National Guard technicians outside the jurisdiction of the Eighth Circuit. On August 27, 2012, the SSA published in the Federal Register an Acquiescence Ruling ("AR") which stated that the SSA would not apply the WEP to social security determinations or decisions of dual-status National Guard technicians made on or after August 27, 2012, if the technicians were permanent residents within the jurisdiction of the Eighth Circuit. 77 Fed. Reg. 51,842 (Aug 27, 2012). The AR further stated that, if the SSA made a determination or decision to apply the WEP to the

aforementioned class of people between February 3, 2011, the date of the *Petersen* decision, and August 27, 2012, the effective date of the AR, a beneficiary could request that the SSA apply the AR to the prior determination or decision. *Id.*

Plaintiffs each received a decision from the SSA to figure a retirement benefit using the WEP before February 3, 2011. Plaintiffs each received information from the SSA after February 3, 2011, indicating that their benefits might be increased if (1) they received a pension based wholly on service as a dual-service National Guard technician; (2) they lived permanently in Arkansas, Iowa, Minnesota, Missouri, Nebraska, North Dakota, or South Dakota at the time of the SSA's decision on their benefits; and (3) they received a SSA decision figuring a retirement or disability benefit using the WEP that was made on or after February 3, 2011. Plaintiffs claim that they are unable to have their benefit decisions using the WEP judicially or administratively reviewed and continue to receive payments reduced by the WEP. Plaintiffs claim that they have been refused recalculations because their applications for retirement benefits from the SSA were filed before February 3, 2011. Plaintiffs seek in this case a ruling that application of the WEP to their benefits was unlawful, seek to have their benefits exempted from the WEP going forward, and seek payment of benefits they contend were allegedly underpaid.

## II. Motion To Dismiss Pursuant To Federal Rule of Civil Procedure 12(b)(1)

Federal courts are courts of limited jurisdiction and have the power to hear only those cases that they have been authorized to hear by Congress or by the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). This Court must determine whether it has subject matter jurisdiction before addressing the merits of the complaint, *see Id.* at 94–95, and should "presume

that [it] lack[s] jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citations and quotations omitted).

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotations omitted). Plaintiffs have the burden to prove both a waiver of sovereign immunity and the existence of subject matter jurisdiction. *V S Ltd. P'ship v. Dep't of Housing and Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Generally, the jurisdictional basis for judicial review of a decision denying a claim for benefits under Title II of the Social Security Act is 42 U.S.C. § 405(g). *Smith v. Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992) ("We review a denial of benefits [due to application of WEP] by the Secretary to determine whether the denial is supported by substantial evidence on the record as a whole, *see* 42 U.S.C. § 405(g), and whether the Secretary and the district court applied the proper legal standard in reaching their results."). Section 405(g) provides for judicial review of a "final decision" of the Commissioner made "after a hearing to which [the claimant] was a party." 42 U.S.C. § 405(g). A final decision is one as to which the claimant has exhausted administrative review of his or her benefit determination. *See Weinberger v. Salfi*, 422 U.S. 749, 757–59 (1975). In addition to administrative exhaustion, section 405(g) requires claimants to seek judicial review within 60 days of receipt of the final decision. 20 C.F.R. §§ 404.981, 422.210(c). Thus, the Act confers jurisdiction on district courts to undertake judicial review of benefit claims, but the Act limits review to a timely appeal of the Commissioner's "final decision." 42 U.S.C. § 405(g).

Defendants argue that, while plaintiffs assert subject matter jurisdiction under section 405(g), they do not assert that any named plaintiff has received a final decision after a hearing to which the plaintiff was a party, and, therefore, defendants maintain that plaintiffs' claims are jurisdictionally defective. Plaintiffs do not contend that any one of them has exhausted his or her administrative remedies. However, plaintiffs claim that this Court has either federal mandamus jurisdiction or jurisdiction as a claim collateral to benefits under 42 U.S.C. § 405(g) so as to proceed in exercising jurisdiction in this case to decide the dispute. The Court will address each of these contentions in turn.

### A.  Mandamus Jurisdiction

The federal mandamus statute reads, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of 'a clear nondiscretionary duty.'" (quoting *Ringer*, 466 U.S. at 616)).

#### 1.  Procedure "Inextricably Intertwined" With Benefits

Plaintiffs argue that the Eighth Circuit Court of Appeals has held that mandamus jurisdiction is available to review procedures employed in administering the Social Security Act. *See Belles v. Schweiker*, 720 F.2d 509, 512 (8th Cir. 1983). In *Belles*, the Eighth Circuit found that the Court had mandamus jurisdiction because the plaintiff was not appealing a denial of entitlement to benefits but instead was appealing the procedures employed by the Secretary of

6

Health and Human Services ("the Secretary"), when the Social Security Administration was housed under the Department of Health and Human Services. *See id.* ("A decision favorable to [plaintiff] would not entitle her to benefits, but would instead give her a right to notice and a prerecoupment hearing."). Plaintiffs contend that they, likewise, are not appealing a ruling on entitlement to benefits or seeking to establish entitlement to benefits but instead are challenging the procedure for calculating benefits.

Defendants argue that plaintiffs' case, despite plaintiffs' attempts to characterize it differently, is one for benefits, not procedure; that even if plaintiffs' case is one for procedure, such procedure would be inextricably intertwined with benefit determinations such that it could not be adjudicated as a claim collateral to benefits; that the case law relied upon by plaintiffs is inapposite; that mandamus is inappropriate because defendants do not owe plaintiffs a clear nondiscretionary duty; and that defendants do not owe plaintiffs underpayments.

This Court agrees that plaintiffs' case is one for benefits and that, even if plaintiffs' case were essentially for a procedure by which to challenge their benefits after *Petersen*, and not one for benefits *per se*, such a procedure would be "inextricably intertwined" with benefit determinations and could not be adjudicated as a separate claim. *See Ringer*, 466 U.S. at 614 (finding claimants' various challenges to the Secretary's policy as to the payment of benefits for a medical procedure were "at bottom, a claim that they should be paid [benefits]" and "inextricably intertwined with [their] claims for benefits." (quotations omitted)).

### 2. No Clear Non-Discretionary Duty

Plaintiffs next argue that the mandamus jurisprudence provides jurisdiction for their suit because plaintiffs have exhausted all other avenues of relief and because defendants owe them a clear nondiscretionary duty. *See Heckler*, 466 U.S. at 616. Plaintiffs do not dispute that they did

not exhaust the avenues of relief available to them directly after their benefit determinations were made, but plaintiffs claim that they have exhausted all other avenues of relief since *Petersen* was decided because each plaintiff has sought to have *Petersen* applied to his or her case and has been told no in various ways by the SSA and also told that there was nothing else he or she could do about it. Plaintiffs further claim that defendants owe them a clear nondiscretionary duty to apply *Petersen* to their cases and to adjust plaintiffs' benefits based on underpayments or, at minimum, to provide adequate procedures for bringing that request, citing for this proposition 42 U.S.C. § 404(a)(1)(B)(i).

Defendants respond that plaintiffs selectively cited to 42 U.S.C. § 404(a)(1)(B)(i). Defendants cite the entire provision:

> (a)(1) *Whenever the Commissioner of Social Security finds* that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security, as follows:
>
> (B)(i) Subject to clause (ii), with respect to payment to a person of less than the correct amount, the Commissioner of Social Security shall make payment of the balance of the amount due such underpaid person . . . .

42 U.S.C. § 404(a)(1)(B)(i) (emphasis added). Defendants maintain that, since the Commissioner has not found that less than the correct amount of payment has been made to plaintiffs, this provision is inapplicable. The Court agrees. In order for 42 U.S.C. § 404(a)(1)(B)(i) to require the Commissioner to pay the balance due to any underpaid person, the Commissioner must find that less than the correct amount of payment has been made. 42 U.S.C. § 404(a)(1); *see Webb v. Bowen*, 851 F.2d 190, 191 (8th Cir. 1988) ("42 U.S.C. § 404(a) . . . leaves to the Secretary the task of determining the amount of any such overpayment . . . ."); *Puffenbarg v. Sullivan*, 1990 WL 448039, at *2 (E.D. Ark. May 3, 1990) ("If the Secretary determines that a beneficiary has received more or less than the correct amount of payment, the

Social Security Act requires him to effect proper adjustment or recovery. 42 U.S.C. § 404(a)." (quotations omitted)). The Commissioner has not done so with regard to plaintiffs. The AR issued by the SSA explains that the SSA will apply the *Petersen* holding, and therefore not apply the WEP, going forward to all subject benefit determinations within the Eighth Circuit. Plaintiffs' benefit determinations were made before the effective date of the AR and before *Petersen* was decided. Thus, this Court determines that 42 U.S.C. § 404(a)(1)(B)(i) does not stand for the proposition that defendants owe plaintiffs a clear nondiscretionary duty.

Defendants next argue that, even if plaintiffs could show that they exhausted all other avenues of relief or that there were grounds to waive that exhaustion requirement, reasons of finality would preclude them from owing plaintiffs a clear nondiscretionary duty. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 541 (1991) ("[R]etroactivity in civil cases must be limited by the need for finality . . . once suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed."); *Bowen v. City of N.Y.*, 476 U.S. 467, 481 (1986) ("[T]he [§ 405(g) statute of limitations] serves both the interest of the claimant and the interest of the Government."); *Medellin v. Shalala*, 23 F.3d 199, 205, n.12 (8th Cir. 1994) (explaining claimants "would have been vindicated if they had sought judicial review; they chose instead to accept incorrect adjudication. They are in no different position from any claimant who seeks to avoid the bar of res judicata on the ground that the decision was wrong."); *Lewellen v. Sullivan*, 949 F.2d 1015, 1016 (8th Cir. 1991) ("As a general rule, decisions of the Secretary declining to reopen previous determinations on the ground of administrative res judicata are not subject to judicial review."); *Johnson v. Shalala*, 2 F.3d 918, 924 (9th Cir. 1993) (holding that the Secretary does not owe a "duty to pay retroactive benefits or to reopen cases that have lapsed. Rather the Secretary owed the plaintiffs a duty to adjudicate their claims

according to the Social Security Act."). This Court agrees. The need for finality in law in general, and in Social Security benefit cases in particular, is well settled, and this Court determines that the Commissioner has no clear or nondiscretionary duty to reopen plaintiffs' otherwise time-barred cases because of an intervening change in law.

### 3. Section 405(g) Jurisdiction Under Mandamus

Plaintiffs also argue that the Eighth Circuit Court of Appeals decision in *Linquist v. Bowen*, 813 F.2d 884 (8th Cir. 1987), provides grounds on which this Court has mandamus jurisdiction. Although the *Linquist* district court based its jurisdiction on the mandamus statute, *Linquist*, 813 F.2d at 886 ("The district court based its jurisdiction on the mandamus power under 28 U.S.C. § 1361 (1982)."), the *Linquist* decision discusses jurisdiction as arising under § 405(g), which this Court will address *infra* at II.B. *See Linquist v. Bowen*, 633 F. Supp. 846, 852 (W.D. Mo. 1986) *aff'd*, 813 F.2d 884 (8th Cir. 1987) ("[A] federal court has jurisdiction to hear a challenge to a Social Security regulation under § 405(g) as long as the challenge is collateral to the substantive claim and presents a colorable constitutional claim." (quotations omitted)).

### B. Section 405(g) Jurisdiction

Plaintiffs argue, in the alternative, that this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Plaintiffs cite for this proposition, *inter alia*, the Eighth Circuit Court of Appeals decision in *Jensen v. Schweiker*, 709 F.2d 1227 (8th Cir. 1983). In that case the Eighth Circuit held that "a federal court has jurisdiction to hear a challenge to a Social Security regulation under § 405(g) as long as the challenge is collateral to the substantive claim and presents a colorable constitutional claim." *Jensen*, 709 F.2d at 1229 (citing *Gibson v. Harris*, 633 F.2d 120, 122 (8th Cir. 1980); *Himmler v. Califano*, 611 F.2d 137, 148 (6th Cir. 1979)). Plaintiffs also cite *Liberty Alliance of the Blind v. Califano*, 568 F.2d 333 (3d Cir. 1977), in support of their argument that

this Court has jurisdiction under § 405(g). This Court finds that the test the Third Circuit Court of Appeals employed in *Liberty Alliance of the Blind* is not controlling, and this Court will not apply that test here.

### 1. Equal Protection Claim

The parties contest whether plaintiffs state a colorable constitutional claim. Plaintiffs argue that the defendants are violating the equal protection clause because plaintiffs are being treated differently than the National Guard technicians whose benefits were decided after the *Petersen* decision. Defendants respond that there is a rational basis for the distinction because benefit determinations made more than 60 days prior to the date of the *Petersen* decision that are not currently under administrative or judicial review are binding, and any further review of those decisions is time barred under the Social Security Act and SSA regulations. *See James B. Beam Distilling Co.*, 501 U.S. at 544 ("[W]hen the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata."). Plaintiffs argue that 42 U.S.C. § 404(a)(1)(B)(i) provides a mandatory requirement to recalculate based on underpayments. The Court has already addressed this argument and finds it lacking. 42 U.S.C. § 404(a)(1)(B)(i) provides a mandatory requirement to pay underpayments where the Commissioner finds that underpayments have been made. The Commissioner has not made such a finding here; thus, 42 U.S.C. § 404(a)(1)(B)(i) is inapplicable in the instant case.

Plaintiffs also argue that this case is unlike *James B. Beam Distilling Co.*, claiming that was a tax case in which the plaintiff sought to recoup past taxes paid based on a subsequent Supreme Court decision. Plaintiffs argue that in *James B. Beam Distilling Co.* the harm was already suffered and was not repeating itself because the plaintiff was not required to continue to pay an illegal tax because of a prior adjudication of its validity that the plaintiff did not appeal.

Plaintiffs argue that this case is the opposite. Plaintiffs claim that they seek, at a minimum, to have the law applied to their benefit payments from the date when they were held to be unlawful, which plaintiffs contend is the date *Petersen* was decided, forward.

This Court finds that defendants have a rational basis on which to continue to apply the WEP to plaintiffs. Defendants are under no duty to reevaluate determinations when the requests to do so are time-barred. Plaintiffs do not dispute that they did not exhaust the avenues of relief available to them directly after their benefit determinations were made and did not raise this issue regarding application of the WEP successfully on direct review of their own benefits decisions. Furthermore, the finality of benefit determinations "serves both the interest of the claimant and the interest of the Government." *Bowen*, 476 U.S. at 481. Although plaintiffs allege the harm that they claim to suffer repeats itself with each benefit payment, the benefit determination is made only one time, subject to timely appeals, and the government has a rational basis for finality in its benefit determinations. Because the Court finds that defendants have a rational basis for applying the WEP to plaintiffs and not applying the WEP to benefit determinations made after *Petersen*, the Court finds plaintiffs do not have a colorable equal protection claim.

### 2. Due Process Claim

Plaintiffs also argue that they have a colorable due process claim because they have no avenue to appeal their benefit determinations post-*Petersen*. Plaintiffs argue that they are unquestionably underpaid according to Eighth Circuit precedent and that defendants are under a statutory obligation to recalculate plaintiffs' benefits based on an underpayment or, at a minimum, to establish procedures allowing plaintiffs to seek recalculation and judicial review.

Defendants respond that, assuming plaintiffs have a protected property interest in the Social Security benefits they hope to receive, SSA's multi-stage administrative review process, along with judicial review pursuant to § 405(g), has traditionally been found to be sufficient to constitute adequate process. *See Wilburn v. Astrue*, 626 F.3d 999, 1003 (8th Cir. 2010); *Efinchuk v. Astrue*, 480 F.3d 846, 848–49 (8th Cir. 2007) ("Nothing about the proceedings . . . shows the procedural safeguards were constitutionally inadequate . . . ."). Defendants argue that, because plaintiffs chose not to take advantage of the due process provided to raise this issue regarding application of the WEP successfully at the time the review process was available to plaintiffs, their benefits decisions became binding. *See Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review . . . ." (citing *James B. Beam Distilling Co.*, 501 U.S. 529)).

Defendants also note that, should a claimant seek to have a determination or a decision reopened outside of the SSA's multi-stage administrative and judicial review process, SSA may review that request. 20 C.F.R. §§ 404.903, 404.987(a), 404.988. Denial of such a request, however, is not considered denial of an "initial determination" under 20 C.F.R. § 404.902. Therefore, it is not subject to administrative or judicial review. 20 C.F.R. § 404.903(l). Similarly, the denial of a request to readjudicate a claim and apply an acquiescence ruling is not considered denial of an initial determination and likewise is not subject to administrative or judicial review. 20 C.F.R. § 404.903(o). For these reasons, any post-*Petersen* requests by some of the named plaintiffs to have the Commissioner reopen their benefit determinations do not give rise to administrative or judicial review pursuant to SSA regulation. 20 C.F.R. §§ 404.903(l), (o). As the Eighth Circuit has explained, "[a]s a general rule, decisions of the Secretary

declining to reopen previous determinations on the ground of administrative res judicata are not subject to judicial review." *Lewellen v. Sullivan*, 949 F.2d 1015, 1016 (8th Cir. 1991).

This Court declines to find that plaintiffs are unquestionably underpaid or that defendants are under any obligation to recalculate plaintiffs' benefits or to establish procedures allowing plaintiffs to seek recalculation and judicial review now based on *Petersen*. As discussed above, the need for finality in benefit determinations is well settled, and defendants are not required under current law to reopen or reevaluate closed benefit determinations if plaintiffs did not seek timely review of these issues.

The Court agrees with defendants. Assuming *arguendo* that plaintiffs have a protected property interest in the Social Security benefits they hope to receive, the due process provided plaintiffs was constitutionally adequate. The jurisdictional bar of 42 U.S.C. § 405(h), which acts to preclude additional review of plaintiffs' claims because they did not seek review timely, does not act to deprive plaintiffs of any alleged colorable constitutional procedural due process right which purportedly arose post-*Petersen*.

Plaintiffs do not claim a clear substantive due process violation. However, if plaintiffs did allege a substantive due process violation, it would fail for the same reason as their equal protection claims. *See Flemming v. Nestor*, 363 U.S. 603, 611 (1960) ("Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as this, we must recognize that the Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification."); *Jensen v. Heckler*, 766 F.2d 383, 385 (8th Cir. 1985) ("[T]he Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification." (quoting *Flemming*, 363 U.S. at 611)); *Cospito v. Heckler*, 742 F.2d 72,

84 (3rd Cir. 1984) ("In the area of social welfare appropriations legislation, the analysis under substantive due process is essentially the same as an equal protection analysis, i.e., is there a rational basis underlying the legislation in question?"); *In re Wood*, 866 F.2d 1367, 1371 (11th Cir. 1989) ("The standard for evaluating substantive due process challenges to social and economic legislation is virtually identical to the 'rational relationship' test for evaluating equal protection claims.").

### 3. Claim Collateral To Benefits

In order for this Court to have jurisdiction pursuant to 42 U.S.C. § 405(g), plaintiffs' challenge must be collateral to the substantive claim as well as present a colorable constitutional claim. *Jensen*, 709 F.2d at 1229. In addition to finding that plaintiffs do not present a colorable constitutional claim, the Court also finds that, for the reasons stated *supra* at II.A.1, plaintiffs' claims are not collateral to their substantive claims but instead are claims for benefits *per se*. *See Doyle v. Barnhart*, 2004 WL 1237359, at *2, n.4 (E.D. Pa. May 17, 2004) (concluding that, in a challenge to application of the WEP, "[p]laintiff does not state a constitutional or wholly collateral claim, but a claim relating directly to his benefits."); *Merryman v. Bowen*, 1987 WL 123946, at *1 (D. Neb. April 8, 1987) ("First, [plaintiff's] due process claim is simply not collateral to her claim for benefits. . . . As in *Ringer*, where the plaintiff raised objections to certain procedural inadequacies in the Secretary's policies, [plaintiff's] claim, though procedural, is 'inextricably intertwined' with her claim for benefits." (citing *Ringer*, 466 U.S. at 614)).

### C. Other Bases for Jurisdiction

Plaintiffs state in their amended consolidated complaint various other avenues under which they purport this Court has subject matter jurisdiction over their claims including the WEP itself, 42 U.S.C § 415 (a)(7)(A); the federal question statute, 28 U.S.C. § 1331; the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 (declaratory judgment), 2202 (further relief); and pursuant to diversity jurisdiction, 28 U.S.C. § 1332(d)(2). Defendants address why the Court does not have jurisdiction pursuant to these other statutes in their motion to dismiss, and plaintiffs do not contest defendants' arguments on these points. The Court finds that it does not have jurisdiction under any of the aforementioned statutes.

### III. Conclusion

For the foregoing reasons, the Court grants defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction (Dkt. No. 23). Satisfied that the foregoing analysis adequately addresses and appropriately disposes of the pleadings before the Court, the Court declines to reach the Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The plaintiffs' amended consolidated complaint is hereby dismissed without prejudice.

SO ORDERED this 16th day of September, 2014.

_____
Kristine G. Baker
United States District Judge